UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARGARITA VENTURA ROSADO,

    *Plaintiff,*

v.

    No. 26-cv-11413-PGL

FRANK BISIGNANO,

    *Defendant.*

## SUPERSEDING PROCEDURAL ORDER

LEVENSON, U.S.M.J.

### INTRODUCTION

On March 23, 2026, Plaintiff Margarita Ventura Rosado filed a civil Complaint against Defendant Commissioner of Social Security, Frank Bisignano, seeking judicial review of the denial of her application for social security disability and supplemental security income benefits. Docket No. 1. Defendant filed the Administrative Record on May 21, 2026. Docket No. 6.

**The Court hereby enters the following scheduling order, which shall supersede in its entirety the procedural order entered on March 24, 2026 (Docket No. 3):**

**I.    MANDATORY SETTLEMENT PROCEDURES**

The parties shall engage in good faith settlement negotiations to resolve the matter, according to the following schedule:

1. On or before **June 18, 2026**, Plaintiff shall prepare and deliver by e-mail to the Special Assistant United States Attorney ("SAUSA"), Assistant United States Attorney ("AUSA"), or other attorney representing the Commissioner a written and detailed proposal of settlement.

2. On or before **July 9, 2026**, the Commissioner shall evaluate the merits of Plaintiff's contentions and confer with Plaintiff's counsel in writing by mail or e-mail.

3. No later than **July 16, 2026**, one of the following actions shall occur:

   o The parties shall electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or

   o The parties shall electronically file a Joint Status Report advising the Court that they have not resolved the matter in settlement discussions.

## II. JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

If the parties cannot resolve the matter in settlement discussions before the deadlines set forth in this order, the parties shall electronically file a Joint Motion for Judicial Review of Final Decision of The Commissioner of Social Security ("Joint Motion for Judicial Review") in the manner, and according to the schedule, set forth below. The parties shall cooperate in preparing the Joint Motion for Judicial Review, and sanctions may be imposed for any failure to cooperate. A Joint Motion for Judicial Review that is not signed by counsel for both parties may be rejected and stricken by the Court. A Joint Motion for Judicial Review that is electronically filed, but that is not prepared in the manner required by this order, may be stricken, and the parties will be required to cure the defects by electronically filing an Amended Joint Motion for Judicial Review.

## III. CONTENT OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall include:

1. Each party's brief summary of the case;

2. The parties' respective positions with respect to the Administrative Law Judge's ("ALJ") summary of the material medical evidence and testimony of record;

3. Each party's statement of the disputed issues;

4. The parties' contentions with respect to each disputed issue; and

5. The parties' statements of the relief requested.

Any issue not raised in the Joint Motion for Judicial Review may be deemed to have been waived. The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.[1] When citing cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions and provide accurate page citations to the administrative record for all evidence relied upon ["R ___"].[2] In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or glossary from a standard reference work. The parties may not supplement the record beyond definition of technical terms.

---

[1] The parties should cite controlling case authority (i.e., decisions of the United States Supreme Court or the First Circuit Court of Appeals). If there is no controlling authority, the decisions of other courts may be cited.

[2] Citations to the record ("R.") refer to the SSA Administrative Record of Social Security Proceedings filed by the Commissioner. Citations should use the record's pagination, as shown on the lower right corner of each page.

**IV.    FORM OF JOINT MOTION FOR JUDICIAL REVIEW**

The Joint Motion for Judicial Review shall be prepared in the following format, and shall comply with the local rules governing form and typeface:

*A.    Summary of the Case*

Each party shall provide a brief summary of the relevant background facts and procedural history.

*B.    Medical Evidence*

Plaintiff shall state whether Plaintiff will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, Plaintiff shall either (a) specify the respects in which Plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

The Commissioner shall state whether the Commissioner will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, the Commissioner shall either (a) specify the respects in which the Commissioner contends that the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

*C.    Statement of Disputed Issues*

Each party shall identify and frame, in a neutral fashion, each of the disputed issues. [Example: "Issue No. 1 – Whether the ALJ properly evaluated Plaintiff's subjective complaints of pain."]

D.   ***Issues and Contentions***

- Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

  o   Plaintiff's Contentions Regarding Issue No. 1 [Plaintiff shall concisely set forth Plaintiff's contentions (including citations to the page(s) of the administrative record recited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

  o   The Commissioner's Contentions Regarding Issue No. 1 [The Commissioner shall concisely set forth The Commissioner's contentions (including citations to the page(s) of the administrative record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

  o   Plaintiff's Reply Regarding Issue No. 1 [Plaintiff may, but is not required to, reply to the contentions actually raised by the Commissioner; provided, however, that any such reply does not exceed 56 continuous lines of text per issue.]

- Issue No. 2, etc. [Repeat the foregoing format as needed.]

E.   ***Relief Requested***

- Plaintiff's statement of relief requested.

- The Commissioner's statement of relief requested.

**V.    SCHEDULE FOR PREPARATION & FILING OF JOINT MOTION FOR JUDICIAL REVIEW**

The Joint Motion for Judicial Review shall be prepared and electronically filed according to the following schedule:

1.  No later than **August 15, 2026**, Plaintiff's counsel shall prepare and deliver to the attorney for the government a draft of Plaintiff's portions of the Joint Motion for Judicial Review (prepared as described in section IV). Plaintiff's counsel shall provide the attorney for the government and the Office of Regional Counsel with a printed copy of Plaintiff's portions of the Joint Motion for Judicial Review and two computer-readable electronic copies on a USB thumb/flash drive or via e-mail (one electronic copy must be in an editable word processing format, such as Microsoft Word, and the other electronic copy should be in .pdf format). The draft of Plaintiff's portions of the Joint Motion for Judicial Review shall comply with the format and content requirements set forth elsewhere in this order.

2.  No later than **September 14, 2026**, the Commissioner shall provide to Plaintiff's counsel the Commissioner's portions of the Joint Motion for Judicial Review, and shall deliver a printed and two computer-readable copies[3] of the Commissioner's portions of the Joint Motion for Judicial Review to Plaintiff's counsel.

3.  No later than **September 28, 2026**, Plaintiff's counsel shall incorporate into the Joint Motion for Judicial Review any reply that Plaintiff may wish to make to the Commissioner's contentions, and shall deliver a completed copy of the Joint

---

[3] As was required of Plaintiff's counsel, one electronic copy must be in an editable word processing format, such as Microsoft Word, and the other electronic copy should be in .pdf format.

Motion for Judicial Review signed by Plaintiff to the attorney for the government for review, signature and electronic filing. Plaintiff shall not use the reply to raise new issues that the Commissioner has not had an opportunity to address.

4. No later than **October 5, 2026**, the attorney for the government shall sign and electronically file the Joint Motion for Judicial Review.

## VI.     ORAL ARGUMENT

Unless otherwise ordered, the issues presented in any Joint Motion for Judicial Review shall be deemed submitted for decision without oral argument.

## VII.    MOTIONS TO AMEND AND COMPLIANCE WITH THIS ORDER

The deadlines set forth in this order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time. Accordingly, requests for extensions of time are discouraged. Any motion requesting a modification of this scheduling order should be filed no less than **seven days** in advance of the deadline(s) at issue.

**SO ORDERED**.

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: May 22, 2026

7